UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

DONALD & JOYCE ALMEIDA,   Case No. 6:12-bk-12965-ABB
                          Chapter 7
    Debtors.
_____/

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Debtors' Verified Motion to Strip Lien of LKV Condominium Association, Inc. ("the Association") (Doc. No. 21). An evidentiary hearing was held on January 28, 2013. The Association submitted post-hearing briefing pursuant to the Court's directive.

The Motion to Strip is due to be granted. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises.

### FINDINGS OF FACT

Debtors filed their Chapter 7 petition on September 22, 2012. They received a discharge on January 2, 2013.

Debtors own a condominium located at 466 C Street, Casselberry, Florida 32765 ("the Property"). The legal description of the Property is:

> UNIT L-2, LAKE KATHRYN VILLAGE, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM OF LAKE KATHRYN VILLAGE, A CONDOMINIUM, AND EXHIBITS ANNEXED THERETO, FILED THE 29th

        DATE OF AUGUST, 1980, IN OFFICIAL RECORDS
        BOOK 1293, PAGES 1013 THROUGH 1069, PUBLIC
        RECORDS OF SEMINOLE COUNTY, FLORIDA

The parties stipulate the value of the Property is $27,760.00.

The Property is encumbered by a mortgage in favor of Regions Bank, recorded March 25, 2011. The Regions mortgage secures a debt of $62,406.00. Regions has not foreclosed on the Property or accepted the deed in lieu of foreclosure.

The Debtors are delinquent in homeowners' fees and assessments due pre-petition to the Association. The Association recorded a lien against the Property on July 29, 2011 for $7,248.20.

The priority of the Regions mortgage and the Association lien are in dispute.[1] The Association relies on the condo declaration as amended in 2006 to argue its lien relates back to October 19, 2006, the date on which the amended declaration was recorded. Section 10.8 of the declaration states:

> The association has a lien on each Condominium parcel securing payment of past due Assessments, including interest and attorney's fees and costs incurred by the Association incident to the collection of the Assessment or enforcement of the lien, whether before, during or after a lien foreclosure suit. <u>The lien is perfected upon recording a Claim of Lien in the Public Records of Seminole County, Florida</u> . . . .

(Doc. No. 39, Ex. 6 at 10, ¶ 10.8) (emphasis added).

The Association's lien was perfected on July 29, 2011 (the date it was recorded), according to the declaration. The Association's lien is subordinate to the Regions Bank mortgage recorded on March 25, 2011.

---

[1] The Association originally conceded its lien is junior to the Regions mortgage (Doc. No. 22 ¶ 6), but its supplemental briefing argues its lien is superior to Regions' security interest. (Doc. No. 39).

The value of the Property ($27,760.00) is exceeded by the $62,406.00 security interest Regions Bank has in the Property.

## CONCLUSIONS OF LAW

### *11 U.S.C. Section 506*

Debtor seeks to strip off the Association's lien pursuant to 11 U.S.C. Section 506(a). That Section provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

11 U.S.C. § 506(a). "Section 506(a) defines the secured and unsecured components of debts according to the value of the underlying collateral." Tanner v. FirstPlus Fin., Inc. (In re Tanner), 217 F.3d 1357, 1358 (11th Cir. 2000).

Where a lien is "wholly unsecured" it is subject to "stripoff" pursuant to 11 U.S.C. Section 506(d). In re McNeal, 477 Fed. Appx. 562, 563-64 (11th Cir. May 11, 2012) (citing Folendore v. United States Small Bus. Admin., 862 F.2d 1537 (11th Cir. 1989)). A wholly unsecured lien claim is void. 11 U.S.C. § 506(d); In re Sadala, 294 B.R. 180, 185 (Bankr. M.D. Fla. 2003).

### *The Association's Arguments*

The Association resists application of the general rule, arguing its lien is not unsecured because it is the first-priority lien on the Property and the Property value exceeds the debt secured by its lien.

The Association argues, even if its lien is subordinate to the Regions Bank mortgage, Florida law prevents its lien from being stripped. The Association argues Fla. Stat. 718.116 does not allow waiver of late fees or attorney's fees or excuse of one unit's payment of common expenses unless all unit owners are proportionately excused; stripping its lien on Debtors' property would be a violation of the statute. The Association further argues the same statute gives it a partial interest in the first mortgage holder's secured interest; the Association's lien is not unsecured because the Association has a right to payment by a mortgagee purchaser at foreclosure.

The Association's final argument against stripping its lien is to do so would be "unfair." The Association argues because the Debtor failed to act in good faith with respect to the Association, stripping its lien would be inequitable.

### *Analysis*

The Association's lien was perfected on July 29, 2011 (the date it was recorded), according to the declaration. The Association's lien is subordinate to the Regions Bank mortgage recorded on March 25, 2011.

Florida Statues 718.116 states, in relevant part:

(b) 1. The liability of a first mortgagee or its successor or assignees who acquire title to a unit by foreclosure or by deed in lieu of foreclosure for the unpaid assessments that became due before the mortgagee's acquisition of title is limited to the lesser of:

    a.    The unit's unpaid common expenses and regular periodic assessments which accrued or came due during the 12 months immediately preceding the acquisition of title and for which payment in full has not been received by the association; or

    b.    One percent of the original mortgage debt. . . . .

(9)(a) A unit owner may not be excused from payment of the unit owner's share of common expenses unless all other unit owners are likewise proportionately excluded from payment . . .

Fla. Stat. Section 7118.116(1)(b)1 & (9).

The Florida statute creates for the Association a right to payment by a mortgagee who acquires title by foreclosure or deed in lieu of foreclosure. The payment is limited to the lesser of the unpaid assessments and expenses from the year prior to the foreclosure or 1% of the original mortgage debt.[2]

The Florida statute does not address the permissibility of lien stripping pursuant to the Bankruptcy Code. It does not does not give the Association a security interest in the Property, and it does not subordinate Region's security interest to the lien interest of the Association.

The statute does not require condo association liens to be treated differently from any other liens with respect to Section 506. This Court finds no justification for such a distinction. The legal authority is to the contrary. Condominium association liens do not

---

[2] Nothing in this opinion affects the rights of the Association vis-à-vis a purchaser at foreclosure pursuant to the Florida statute. This right to payment is not implicated by the facts of this case, as Regions has not foreclosed on the Property or accepted the deed in lieu of foreclosure.

5

enjoy special status under the Bankruptcy Code. In re Plummer, 484 B.R. 882, at 889 & n.28 (Bankr. M.D. Fla. 2013) (citations omitted).

> [C]ondominium assessment liens squarely fall within the Bankruptcy Code's definition of liens and are subject to the application of Bankruptcy Code section 506.

Id. at 889.

The Association asks this Court to extend Chapter 13 law regarding good faith into the Chapter 7 lien stripping context. The Court will not address whether the law should be extended in this manner because, were a good faith standard applied, the Court finds no bad faith by the Debtor on the facts cited by the Association.[3] The Court finds no inequity in stripping the Association's lien.

## *Conclusion*

The value of the Property ($27,760.00) is exceeded by the $62,406.00 security interest Regions Bank has in the Property. The Association's subordinate lien is wholly unsecured. No equity exists in the Property to support the Association's second-priority lien. The lien attaches to no collateral.

The Association's lien is void and extinguished automatically without further order pursuant to 11 U.S.C. Section 506(d). In re Tanner, 217 F.3d at 1360.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that Debtors' Verified Motion to Strip the lien of LKV Condominium Association, Inc. (Doc. No. 21) is hereby GRANTED; and it is further

---

[3] The Association complains the Debtors executed the Regions mortgage a year and six months after becoming delinquent with the Association and they maintain it as a non-homestead property.

6

**ORDERED, ADJUDGED and DECREED** that the Association's second-priority lien on the Property is stripped-off as void pursuant to 11 U.S.C. Section 506(d).

Dated this 18th day of March, 2013.

_____
ARTHUR B. BRISKMAN
United States Bankruptcy Judge